## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS,**
 Plaintiff,

**v**

**JANICE WINFREY**, in her official and individual capacities
as the duly elected City Clerk for the City of Detroit,
and
**DETROIT ELECTION COMMISSION**,
 Defendants.

Case No. 25-cv-

Hon.

Case: 4:25−cv−12507
Assigned To : Kumar, Shalina D.
Referral Judge: Altman, Kimberly G.
Assign. Date : 8/12/2025
Description: CMP ROBERT DAVIS
V JANICE WINFREY  ET AL (SS)

---

**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**BEN PATTERSON (P85118)**
CITY OF DETROIT LAW DEPT.
Attorneys for Defendants
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-5082
Ben.Patterson@detroitmi.gov

---

### ELECTION-RELATED MATTER AND CHALLENGE OF
### CONSTITUTIONALITY OF MICHIGAN ELECTION LAW

> **There is no other cause of action between the same or similar parties arising out of the same transactions or occurrences as alleged in this complaint pending in the United States District Court for the Eastern District of Michigan.**

### COMPLAINT AND JURY DEMAND

 **NOW COMES**, Plaintiff, ROBERT DAVIS ("Plaintiff" or "Plaintiff Davis"), in

his own proper person and complaint, and for his Complaint and Jury Demand

("Complaint"), states the following:

## I.    NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et.seq.*

## II.    JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367.

3. This Court has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et.seq.*

4. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391 because Plaintiff is a resident of the Eastern District of Michigan, and the actions giving rise to the claims pled and alleged in this Complaint all occurred within the Eastern District of Michigan.

## III.    PARTIES

6. Plaintiff, Robert Davis **("Plaintiff" or "Plaintiff Davis")**, is a resident and registered voter of the City of Highland Park, County of Wayne, State of Michigan.

7. Defendant, Janice Winfrey ("**Defendant City Clerk**"), is the duly elected City Clerk for the city of Detroit and pursuant to Section 3-102 of the 2012

Detroit City Charter, Defendant City Clerk serves as Chairperson of the Defendant Detroit Election Commission.

8. Defendant, Detroit Election Commission ("**Defendant Election Commission**"), is the three-member body created by Section 3-102 of the 2012 Detroit City Charter, whose members consist of the Defendant City Clerk, President of the Detroit City Council, and Corporation Counsel for the city of Detroit.  Pursuant to MCL 168.323 of Michigan Election Law, the Defendant Election Commission has the statutory legal duty and authority to prepare the ballots for the city of Detroit's upcoming November 4, 2025 general election for municipal offices.

9. That an actual controversy exists between the parties named herein.

## IV.   CAUSES OF ACTION

### COUNT I
**42 U.S.C. §1983- First Amendment Right To Petition Government Mich.Comp.Laws § 168.512 of Michigan Election Law Is Unconstitutional, As-Applied To Plaintiff By Defendant City Clerk, Because It Violates Plaintiff's First Amendment Right To Petition Government for Redress Of Grievances**.

10. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

11. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant City Clerk in both her official and individual capacities as the duly elected City Clerk for the city of Detroit.

12. This claim, as pled and alleged in this Count, is brought against Defendant City Clerk, in her official capacity, under 42 U.S.C. §1983 because Plaintiff's

injuries were caused because of the City of Detroit's official policy, practice, and/or custom requiring and mandating the Defendant City Clerk to enforce and comply with all of the provisions of Mich.Comp.Laws §168.512 of Michigan Election Law.

### Detroit Mayoral Candidate Solomon Kinloch Jr.'s Suspicious Move From Oakland Township To City of Detroit

13. According to public records Plaintiff obtained under Michigan's Freedom of Information Act (FOIA) from the Oakland Township Clerk, Detroit City Clerk, and Michigan Secretary of State, on March 21, 2024, Solomon Kinloch Jr. ("Mr. Kinloch") changed the address on his driver's license and his address for voting registration purposes from his Oakland Township residence, located at 5629 Mystic Lane, Rochester, MI 48306, to an address located at 305 Michigan Ave., Apt. #907, Detroit, MI 48226. (**See Mr. Kinloch's Voter Registration Records attached**).

14. Notably, however, Mr. Kinloch's wife, Robin Lyn Kinloch, remained registered to vote at Mr. Kinloch's Oakland Township residence **until December 18, 2024**. (**See Pastor Kinloch's Wife's voter registration records attached)**.

15. According to public records Plaintiff obtained under the FOIA, Mr. Kinloch is the registered owner of the home in Oakland Township, located at 5629 Mystic Lane, Rochester, MI 48306.

16. However, according to a recent media report published by Pulitzer Prize winning journalist, Charlie LeDuff, the address located at 305 Michigan Ave.,

Apt. #907, **is a property that operates as a hotel that rents rooms on a daily, weekly, or monthly basis**.

See https://x.com/mich_enjoyer/status/1940484860545847775

17. Then, on June 10, 2024, according to public records Plaintiff obtained under the FOIA, Mr. Kinloch moved again within the city of Detroit to an address located at 330 Gratiot Ave., Apt. 1501, Detroit, MI 48226, which is a condo owned and occupied by his brother, Wayne County Commissioner Jonathan Kinloch ("Commissioner Kinloch"). **(See Pastor Kinloch's Voter Registration Records attached)**.

18. This fact was recently confirmed by Mr. Kinloch through a campaign spokesperson. In a July 10, 2025 article published in The Detroit News, Pastor Kinloch's campaign committee acknowledged that "Yes, Pastor Kinloch did briefly stay with his brother[.]" See https://www.detroitnews.com/story/news/politics/2025/07/09/residency-issues-emerge-detroit-mayoral-primary-kinloch-sheffield-jenkins-perkins/84334434007/

19. Then, on February 2, 2025, according to public records Plaintiff obtained under the FOIA, Mr. Kinloch moved to a unit next door to his brother, Commissioner Kinloch, and again, changed his voter registration to an address located at 320 Gratiot Ave., Apt. 1201, Detroit, MI 48226. **(See Pastor Kinloch's Voter Registration Records attached)**.

20. The 320 Gratiot Ave., Apt. 1201 address is the official address listed on Mr. Kinloch's affidavit of identity and nominating petitions that Mr. Kinloch filed with the Defendant City Clerk on April 21, 2025 to qualify as a candidate for the office of Mayor of the city of Detroit. (**See Mr. Kinloch's affidavit of identity attached**).

**Mr. Kinloch Filing of His Affidavit of Identity and Nominating Petitions To Qualify As Candidate For fhe Office of Mayor of  City of Detroit.**

21. Pursuant to Mich.Comp.Laws §§ 168.321 and 168.558 of Michigan Election Law, on April 21, 2025, Mr. Kinloch filed his affidavit of identity and nominating petitions with the Defendant City Clerk to qualify as a candidate for the office of Mayor of the city of Detroit. (**See Mr. Kinloch's affidavit of identity attached**).

22. Section 2-101 of the 2012 Detroit City Charter, as amended, sets forth the qualifications a person must have to qualify as a candidate for any elective office for the city of Detroit.

23. Section 2-101 of the 2012 Detroit City Charter, as amended, provides, in relevant part:

> ***A person seeking elective office*** must be a citizen of the United States, ***a resident and a qualified and registered voter of the City of Detroit for one (1) year at the time of filing for office***, and retain that status throughout their tenure in any such elective office. In addition, any person seeking office from a non at  large district must be a resident and qualified, registered voter in such district for one (1) year at the time of filing for office, and retain such status throughout their tenure. [emphasis supplied]

24. Section 3-111(1) of the 2012 Detroit City Charter, as amended, further provides:

> *All candidates for elective office* and elected officials *shall be bona fide residents of the City of Detroit and must maintain their principal residence in the City of Detroit for one (1) year at the time of filing for office* or appointment to office, and throughout their tenure in office. [emphasis supplied.]

25. Therefore, for Mr. Kinloch to have been eligible to qualify as a candidate for the office of Mayor when he filed his affidavit of identity and nominating petitions on April 21, 2025 with the Defendant City Clerk, pursuant to Section 2-101 and Section 3-111(1) of the 2012 Detroit City Charter, as amended, Mr. Kinloch was required to have been a "*qualified and registered* elector" and "*bona fide resident*" of the city of Detroit "for one (1) at the time of filing for office."

26. Based upon Mr. Kinloch's "suspicious" moves and changes of addresses within the city of Detroit, Plaintiff believes Mr. Kinloch fraudulently registered to vote at multiple Detroit addresses to meet the one (1) year residency and qualified and register voter requirements as set forth in Sections 2-101 and 3-111(1) of the 2012 Detroit City Charter.

27. Plaintiff believes Mr. Kinloch was not a legal "resident" of the city of Detroit to register to vote at 305 Michigan Ave., Apt. #907, Detroit, MI 48226.

28. Additionally, Plaintiff believes Mr. Kinloch was not a legal "resident" of the city of Detroit to register to vote at 330 Gratiot Ave., Apt. 1501, Detroit, MI

48226, which is a condo owned and occupied by his brother, Wayne County

Commissioner Jonathan Kinloch.

### Mich.Comp.Laws §168.512 As-Applied To Plaintiff By The Defendant City Clerk Is Unconstitutional Because It Violates Plaintiff's First Amendment Right To Petition Government For Redress of Grievances

29. On July 10, 2025, Plaintiff, as a resident and registered voter of the city of

Highland Park, County of Wayne, sent a written request, via email, to

Defendants City Clerk and Election Commission respectfully requesting the

Defendants, "pursuant to MCL 168.520 of Michigan Election Law, ….. for the

Detroit City Clerk and Detroit Election Commission to launch an

*investigation* into whether Pastor Kinloch's recent voter registrations

within the city of Detroit were fraudulent or legitimate." (**See Plaintif's**

**July 10, 2025 Email Requesting Defendants to launch an**

**investigation into Candidate Kinloch's possible fraudulent voter**

**registration attached**).

30. On July 16, 2025, Plaintiff, as a resident and registered voter of the city of

Highland Park, County of Wayne, sent a similar request to the Michigan

Secretary of State and Michigan Attorney General requesting "the Michigan

Secretary of State and Michigan Attorney General's office to launch a

*criminal* investigation into whether Detroit Mayoral candidate, Pastor

Solomon Kinloch, fraudulently registered to vote in the city of Detroit in

violation of MCL 168.519 of Michigan Election Law." (**See Plaintiff's July**

**16, 2025 Email Requesting Secretary of State and Attorney General launch criminal investigation attached**).

31. As of the date of the filing of this lawsuit, Defendant City Clerk has not acted upon nor formally responded to Plaintiff's July 10, 2025 email request.

32. As of the date of the filing of this lawsuit, neither the Michigan Secretary of State nor the Michigan Attorney General's office have formally responded to Plaintiff's  July 16, 2025 request for their agencies to launch *criminal* investigation.

33. Plaintiff was forced to take these "nonbinding" and "untraditional" routes because Michigan Election Law only allows "*electors of the municipality*" to file a sworn complaint challenging the legitimacy of a registered voter's voting registration.

34. Mich.Comp.Laws § 168.512 governs the formal process to challenge the legitimacy of a registered elector's voter registration and residency.

35. Mich.Comp. Laws § 168.512 provides:

> ***Any elector of the municipality* may challenge the registration of any registered elector by submitting to the clerk of that municipality a written affidavit that such elector is not qualified to vote, which affidavit shall specify the grounds upon which the challenged elector is disqualified.** Upon receipt of such affidavit, the clerk shall forthwith send by registered or certified mail to the challenged elector at his registered or last known address a notification of the challenge, which shall include the grounds for such challenge as stated in the affidavit. The challenged elector may within 30 days appear before the clerk and answer the questions and take the oath required of persons challenged on the same grounds at election, or in lieu of appearing in person the challenged elector, within a like period of time, may elect to file with the clerk an affidavit

setting forth specifically his qualifications as an elector of the municipality and answering the grounds of the challenge. If within the 30-day period the person challenged shall fail to appear and be sworn or to file an affidavit, or if his statements do not show him to be a qualified elector of the municipality, the clerk shall forthwith cancel his registration. The 30-day period referred to in this section shall be the 30 days immediately following the date of mailing the notice to the challenged elector.

**Any person who shall challenge under the provisions of this section, indiscriminately and without good cause or for the purpose of harassment, *shall be guilty of a misdemeanor.*** [emphasis supplied.]

36. The qualifications and definition of "*elector*" is set forth in Mich.Const.1963, art. II, §1, which provides:

Every citizen of the United States who has attained the age of 21 years, who has resided in this state six months, **and who meets the requirements of local residence provided by law, *shall be an elector*** and qualified to vote in any election except as otherwise provided in this constitution. The legislature shall define residence for voting purposes. [emphasis supplied.]

37. Mich.Comp.Laws §168.11(1) of Michigan Election Law defines "residence" for registration and voting purposes to mean "**that place at which a person habitually sleeps, keeps his or her personal effects, and has a regular place of lodging. If a person has more than 1 residence, or if a person has a residence separate from that of his or her spouse, that place at which the person resides the greater part of the time shall be his or her official residence** for the purposes of this act." Mich.Comp.Laws §168.11(1) (emphasis supplied).

38. Plaintiff, as a resident and registered voter of the city of Highland Park, is **NOT** an "*elector*" of the city of Detroit as Mich.Comp.Laws §168.512 requires.

39. However, Plaintiff, as a resident and registered voter of the city of Highland Park, County of Wayne, desires and has every intention to file a sworn complaint with the Defendant City Clerk under Mich.Comp.Laws §168.512 of Michigan Election Law challenging the legitimacy of Detroit mayoral candidate Solomon Kinloch Jr.'s voter registration and residency prior to the deadlines for the Defendants to certify candidates and print the ballots for the August 5, 2025 primary election and the November 4, 2025 general election.

40. However, out of fear that Defendant City Clerk would seek Plaintiff's prosecution under Mich.Comp.Laws §168.512, Plaintiff is afraid to file a complaint under Mich.Comp.Laws §168.512 because Plaintiff is **NOT** an "*elector of the municipality*", which is the city of Detroit.

41. Defendant City Clerk's threat of prosecution is legitimate because days after Plaintiff submitted his July 10, 2025 to the Defendant City Clerk requesting her to investigate the legitimacy of Mr. Kinloch's voter registration, the Defendant City Clerk stated publicly that she would seek criminal charges against Plaintiff under Mich.Comp.Laws §168.512 because Plaintiff is **NOT** an "*elector of the municipality*," which is the city of Detroit.

42. Additionally, Defendant City Clerk, through her staff, advised Plaintiff that the Defendant City Clerk would **NOT** accept a sworn complaint filed by the Plaintiff under Mich.Comp.Laws §168.512 challenging the legitimacy of Mr. Kinloch's voter registrations within the city of Detroit because Plaintiff is **NOT** an "*elector*" of the city of Detroit.

43. Defendant City Clerk's threat of prosecution is also legitimate because Defendant City Clerk has publicly voiced her dislike and anger towards Plaintiff because Plaintiff has challenged the legitimacy of Defendant City Clerk's candidacy for re-election and Plaintiff has also sued Defendants in state court for various violations of Michigan Election Law they committed during the August 5, 2025 primary election.

44. Mich.Comp.Laws § 168.512's requirement that a person must be an "*elector of the municipality*" has **prevented** Plaintiff from filing a sworn complaint with the Defendant City Clerk challenging the legitimacy of Mr. Kinloch's voter registration and "*bona fide*" residency in the city of Detroit.

45. Plaintiff would like to avail himself to the structured process set forth under Mich.Comp.Laws §168.512 because it mandates and requires the Defendant City Clerk and the challenged registered elector to take action and file responses within a specified timeline.

46. But for Mich.Comp.Laws § 168.512's requirement that a person must be an "*elector of the municipality*" in order to file a sworn complaint challenging a registered elector's voter registration and residency, Plaintiff would have

filed a sworn complaint with the Defendant City Clerk prior to the city Detroit's August 5, 2025 primary election challenging the legitimacy of Mr. Kinloch's voter registration and residency.

47. Plaintiff desires to immediately file a sworn complaint with the Defendant City Clerk under Mich.Comp.Laws §168.512 challenging the legitimacy of Mr. Kinloch's voter registration and residency *prior* to the deadline for the Defendants to certify candidates and print the ballots for the upcoming November 4, 2025 general election.

48. However, again, Plaintiff is unable and is prohibited from **IMMEDIATELY** filing a sworn complaint with the Defendant City Clerk under Mich.Comp.Laws §168.512 because Plaintiff is **NOT** an "*elector*" of the city of Detroit as Mich.Comp.Laws §168.512 requires.

49. Plaintiff has no desire nor any intentions on moving to the city of Detroit any time soon to qualify as an "*elector*" prior to the November 5, 2025 general election to file a sworn complaint with the Defendant City Clerk under Mich.Comp.Laws §168.512.

50. The filing of a sworn complaint with the Defendant City Clerk under Mich.Comp.Laws § 168.512 of Michigan Election Law challenging the legitimacy of a registered elector's voter registration and residency is a form of "*petitioning*" activity that is protected under the First Amendment of the United States Constitution.

51. The First Amendment protects "the right of the people…to petition the Government for a redress of grievances." U.S. Const., amend I.

52. The First Amendment right to petition applies with equal force against the States through the Fourteenth Amendment. *Virginia v Black*, 538 U.S. 343, 358 (2003).

53. "***The First Amendment protects the right of an individual*** to speak freely, to advocate ideas, to associate with others, and ***to petition his government for redress of grievances***." *Smith v Arkansas State Highway Emp. Local 1315*, 441 U.S. 463, 464 (1979) (emphasis supplied.)

54. "**[T]he right to petition extends to all departments of the Government**." *California Transport v Trucking Unlimited*, 404 U.S. 508, 510 (1972) (emphasis supplied).

55. "[T]he *California Transport* case clearly establishes **that the submission of complaints and criticisms to nonlegislative and non judicial public agencies like a police department constitutes petitioning activity protected by the petition clause [of the First Amendment]**." *Gable v Lewis*, 201 F.3d 769, 771 (6th Cir. 2000) (emphasis supplied.)

56. Pursuant to Section 3-106 of the 2012 Detroit City Charter, as amended, Defendants City Clerk and Detroit Election Commission are mandated and required to enforce and comply with all provisions of Michigan Election Law governing elections, including all of the provisions of Mich.Comp.Laws §168.512.

57. The Defendant City Clerk's unlawful actions of enforcing the provisions of Mich.Comp.Laws §168.512, which prevents and prohibits Plaintiff from filing a sworn complaint with the Defendant City Clerk challenging the legitimacy of Mr. Kinloch's voter registration and residency, violates Plaintiff's First Amendment right to petition the government for redress of grievances.

58. Mich.Comp.Laws §168.512's provision limiting its application to **only** "electors" of the city of Detroit violates Plaintiff's First Amendment right to petition the government for redress of grievances.

59. Mich.Comp.Laws §168.512 prohibition against nonresidents of the city of Detroit, like the Plaintiff, from filing a sworn complaint with the Defendant City Clerk challenging a registered elector's voter registration and residency, cannot withstand "strict scrutiny," and thus must be held unconstitutional, as applied to the Plaintiff.

60. But for the unconstitutional provision of Mich.Comp.Laws §168.512, Plaintiff is ready, willing and able to **IMMEDIATELY** file a sworn complaint with the Defendant City Clerk under Mich.Comp.Laws §168.512 challenging the legitimacy of Mr. Kinloch's voter registration and residency in the city of Detroit.

61. Accordingly, Plaintiff seeks prospective injunctive relief against the Defendant City Clerk from enforcing the provisions of Mich.Comp.Laws §168.512 that prohibit Plaintiff and other nonresidents of the city of Detroit

from filing a sworn complaint with the Defendant City Clerk challenging the legitimacy of a registered elector's voter registration and residency.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendant Janice Winfrey, in both her official and individual capacities as the duly elected City Clerk for the City of Detroit, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Plaintiff's civil and constitutional rights were violated as a direct result of the City of Detroit's official policy, custom, and/or practice that requires the Defendant Janice Winfrey, in her official capacity as the duly elected City Clerk for the city of Detroit, to fully enforce and comply with all of the provisions of Michigan Election Law, including the provisions of Mich.Comp.Laws §168.512.

b. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Janice Winfrey, in her official and individual capacities as the duly elected City Clerk for the city of Detroit, violated Plaintiff's First Amendment right to petition the government for redress of grievances by enforcing the provisions of Mich.Comp.Laws §168.512, which prohibits Plaintiff, as nonresident of the city of Detroit, from filing a sworn complaint with the Defendant Janice Winfrey under Mich.Comp.Laws §168.512 challenging the legitimacy of Solomon Kinloch Jr.'s voter registration and residency.

c. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Mich.Comp.Laws §168.512's provision limiting the right to file a sworn complaint with the Defendant Janice Winfrey challenging the legitimacy of a registered elector's voter registration and residency only to electors of the city of Detroit, as-applied to the Plaintiff, is unconstitutional because it violates Plaintiff's First Amendment right to petition the government for redress of grievances..

d. Issue a preliminary and permanent injunction enjoining the Defendants Janice Winfrey and Detroit Election Commission from enforcing

Mich.Comp.Laws §168.512's provision limiting the right to file a sworn complaint with the Defendant Janice Winfrey challenging the legitimacy of a registered elector's voter registration and residency only to electors of the city of Detroit.

e.  Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $250,000 against the Defendant Janice Winfrey, in both her official and individual capacities, for violating Plaintiff's First Amendment right to petition the government for redress of grievances.

f.  Award Plaintiff costs and attorney's fees pursuant to 42 U.S.C. §1988.

g.  Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

## COUNT II
### 42 U.S.C. §1983- Substantive Due Process
**Mich.Comp.Laws § 168.512 of Michigan Election Law Is Unconstitutional, As-Applied To Plaintiff By Defendant City Clerk, Because It Violates Plaintiff's Fundamental Substantive Due Process Right to Intrastate Travel**.

62. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

63. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant City Clerk in both her official and individual capacities as the duly elected City Clerk for the city of Detroit.

64. This claim, as pled and alleged in this Count, is brought against Defendant City Clerk, in her official capacity, under 42 U.S.C. §1983 because Plaintiff's injuries were caused because of the City of Detroit's official policy, practice, and/or custom requiring and mandating the Defendant City Clerk to enforce

and comply with all of the provisions of Mich.Comp.Laws §168.512 of

Michigan Election Law.

65. Mich.Comp.Laws § 168.512 governs the formal process to challenge the

legitimacy of a registered elector's voter registration and residency.

66. Mich.Comp. Laws § 168.512 provides:

> ***Any elector of the municipality* may challenge the
> registration of any registered elector by submitting to the clerk
> of that municipality a written affidavit that such elector is not
> qualified to vote, which affidavit shall specify the grounds
> upon which the challenged elector is disqualified.** Upon receipt
> of such affidavit, the clerk shall forthwith send by registered or
> certified mail to the challenged elector at his registered or last known
> address a notification of the challenge, which shall include the grounds
> for such challenge as stated in the affidavit. The challenged elector
> may within 30 days appear before the clerk and answer the questions
> and take the oath required of persons challenged on the same grounds
> at election, or in lieu of appearing in person the challenged elector,
> within a like period of time, may elect to file with the clerk an affidavit
> setting forth specifically his qualifications as an elector of the
> municipality and answering the grounds of the challenge. If within the
> 30-day period the person challenged shall fail to appear and be sworn
> or to file an affidavit, or if his statements do not show him to be a
> qualified elector of the municipality, the clerk shall forthwith cancel
> his registration. The 30-day period referred to in this section shall be
> the 30 days immediately following the date of mailing the notice to the
> challenged elector.
>
> **Any person who shall challenge under the provisions of
> this section, indiscriminately and without good cause or for
> the purpose of harassment, *shall be guilty of a misdemeanor.***
> [emphasis supplied.]

67. The qualifications and definition of "***elector***" is set forth in Mich.Const.1963,

art. II, §1, which provides:

Every citizen of the United States who has attained the age of 21 years, who has resided in this state six months, **and who meets the requirements of local residence provided by law**, ***shall be an elector*** and qualified to vote in any election except as otherwise provided in this constitution. The legislature shall define residence for voting purposes. [emphasis supplied.]

68. Mich.Comp.Laws §168.11(1) of Michigan Election Law defines "residence" for registration and voting purposes to mean "**that place at which a person habitually sleeps, keeps his or her personal effects, and has a regular place of lodging. If a person has more than 1 residence, or if a person has a residence separate from that of his or her spouse, that place at which the person resides the greater part of the time shall be his or her official residence** for the purposes of this act." Mich.Comp.Laws §168.11(1) (emphasis supplied).

69. Plaintiff, as a resident and registered voter of the city of Highland Park, is **NOT** an "***elector***" of the city of Detroit as Mich.Comp.Laws §168.512 requires.

70. However, Plaintiff, as a resident and registered voter of the city of Highland Park, County of Wayne, desires and has every intention to file a sworn complaint with the Defendant City Clerk under Mich.Comp.Laws §168.512 of Michigan Election Law challenging the legitimacy of Detroit mayoral candidate Solomon Kinloch Jr.'s voter registration and residency prior to the deadlines for the Defendants to certify candidates and print the ballots for the August 5, 2025 primary election and the November 4, 2025 general election.

71. However, out of fear that Defendant City Clerk would seek Plaintiff's prosecution under Mich.Comp.Laws §168.512, Plaintiff is afraid to file a complaint under Mich.Comp.Laws §168.512 because Plaintiff is **NOT** an "*elector of the municipality*", which is the city of Detroit.

72. Defendant City Clerk's threat of prosecution is legitimate because days after Plaintiff submitted his July 10, 2025 to the Defendant City Clerk requesting her to investigate the legitimacy of Mr. Kinloch's voter registration, the Defendant City Clerk stated publicly that she would seek criminal charges against Plaintiff under Mich.Comp.Laws §168.512 because Plaintiff is **NOT** an "*elector of the municipality*," which is the city of Detroit.

73. Additionally, Defendant City Clerk, through her staff, advised Plaintiff that the Defendant City Clerk would **NOT** accept a sworn complaint filed by the Plaintiff under Mich.Comp.Laws §168.512 challenging the legitimacy of Mr. Kinloch's voter registrations within the city of Detroit because Plaintiff is **NOT** an "***elector***" of the city of Detroit.

74. Defendant City Clerk's threat of prosecution is also legitimate because Defendant City Clerk has publicly voiced her dislike and anger towards Plaintiff because Plaintiff has challenged the legitimacy of Defendant City Clerk's candidacy for re-election and Plaintiff has also sued Defendants in state court for various violations of Michigan Election Law they committed during the August 5, 2025 primary election.

75. Mich.Comp.Laws § 168.512's requirement that a person must be an "*elector of the municipality*" has **prevented** Plaintiff from filing a sworn complaint with the Defendant City Clerk challenging the legitimacy of Mr. Kinloch's voter registration and "*bona fide*" residency in the city of Detroit.

76. Plaintiff would like to avail himself to the structured process set forth under Mich.Comp.Laws §168.512 because it mandates and requires the Defendant City Clerk and the challenged registered elector to take action and file responses within a specified timeline.

77. But for Mich.Comp.Laws § 168.512's requirement that a person must be an "*elector of the municipality*" in order to file a sworn complaint challenging a registered elector's voter registration and residency, Plaintiff would have filed a sworn complaint with the Defendant City Clerk prior to the city Detroit's August 5, 2025 primary election challenging the legitimacy of Mr. Kinloch's voter registration and residency.

78. Plaintiff desires to immediately file a sworn complaint with the Defendant City Clerk under Mich.Comp.Laws §168.512 challenging the legitimacy of Mr. Kinloch's voter registration and residency ***prior*** to the deadline for the Defendants to certify candidates and print the ballots for the upcoming November 4, 2025 general election.

79. However, again, Plaintiff is unable and is prohibited from **IMMEDIATELY** filing a sworn complaint with the Defendant City Clerk under

Mich.Comp.Laws §168.512 because Plaintiff is **NOT** an "elector" of the city of
Detroit as Mich.Comp.Laws §168.512 requires.

80. Plaintiff has no desire nor any intentions on moving to the city of Detroit any
time soon to qualify as an "*elector*" prior to the November 5, 2025 general
election to file a sworn complaint with the Defendant City Clerk under
Mich.Comp.Laws §168.512.

81. The Fourteenth Amendment provides that no State shall "deprive any person
of life, liberty, or property, without due process of law." U.S. Const. amend.
XIV, §1.

82. The Sixth Circuit has "recognized that the Fourteenth Amendment has a
substantive due process component that protects specific fundamental rights
of individual freedom and liberty from deprivation at the hands of arbitrary
and capricious government action." *Sutton v. Cleveland Bd. of Educ.,* 958
F.2d 1339, 1350 (6th Cir.1992) (quotation marks and citation omitted).

83. The Sixth Circuit has determined that "the right to travel locally through
public spaces and roadways enjoys a unique and protected place in our
national heritage." *Johnson v City of Cincinnati*, 310 F.3d 484, 498 (6th Cir.
2002).

84. Accordingly, "**we hold that the Constitution protects a right to travel
locally through public spaces and roadways.**" *Johnson v City of
Cincinnati*, 310 F.3d 484, 498 (6th Cir. 2002) (emphasis supplied.)"

85. For "**the tremendous practical significance of a right to localized travel also strongly suggests that such a right is secured by substantive due process**." *Johnson v City of Cincinnati*, 310 F.3d 484, 498 (6th Cir. 2002) (emphasis supplied.)

86. "The right to travel locally through public spaces and roadways-perhaps more than any other right secured by substantive due process-is an everyday right, a right we depend on to carry out our daily life activities. It is, at its core, a right of function." *Johnsonson v City of Cincinnati*, 310 F.3d 484, 498 (6th Cir. 2002).

87. "The substantive component of the Due Process Clause protects 'fundamental rights' that are so 'implicit in the concept of ordered liberty' that 'neither liberty nor justice would exists if they were sacrificed." *Doe v Michigan Dept. of State Police*, 490 F.3d 491, 499 (6th Cir. 2007) (quoting *Palko v Conn.*, 302 U.S. 319, 325 (1937)).

88. "Substantive due process…serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Howard v Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996) (internal quotation marks omitted).

89. To succeed on a substantive due process claim, a plaintiff is required to show that: "(1) a constitutionally protected property or liberty interest exits, and (2) the constitutionally protected interest has been deprived through

arbitrary and capricious action." *Braun v Ann Arbor Charter Twp*., 519 F.3d 564, 573 (6th Cir. 2008) (internal quotation marks omitted).

90. Mich.Comp.Laws 168.512 prohibition against Plaintiff and other nonresidents of the city of Detroit from filing a sworn complaint with the Defendant City Clerk challenging the legitimacy of a registered elector's voter registration and residency is arbitrary and capricious.

91. Plaintiff and other nonresidents of the city of Detroit enjoy the benefits and luxury under Michigan Election Law to participate in the electoral process of the city of Detroit by being allowed to donate monetary political donations to candidates, volunteer for their respective campaigns, and serve as poll watchers, challengers, and election inspectors during any election.

92. However, Plaintiff and other nonresidents are prohibited under Mich.Comp.Laws §168.512 from filing a sworn complaint with the Defendant City Clerk challenging the legitimacy of a registered elector's voter registration and residency.

93. Plaintiff is not supporting Mr. Kinloch in the upcoming November 4, 2025 general election for the city of Detroit, and Plaintiff will likely be supporting an unknown write-in candidate for the office of Mayor.

94. Plaintiff believes Mr. Kinloch did not satisfy the city of Detroit's one (1) year residency and qualified and registered voter requirements in order to qualify as a candidate for the office of Mayor of the city of Detroit.

95. Plaintiff believes if Mr. Kinloch is allowed to remain on the November 4, 2025 general election ballot as a candidate for the office of Mayor of the city of Detroit, Plaintiff's preferred "write-in" candidate would be severely harmed and injured if Plaintiff's preferred "write-in" has to compete against an otherwise ineligible candidate that would result in a loss of vote for Plaintiff's preferred "write-in" candidate.

96. Pursuant to Section 3-106 of the 2012 Detroit City Charter, as amended, Defendants City Clerk and Detroit Election Commission are mandated and required to enforce and comply with all provisions of Michigan Election Law governing elections, including all of the provisions of Mich.Comp.Laws §168.512.

97. Mich.Comp.Laws §168.512, as applied to Plaintiff by the Defendant City Clerk, is unconstitutional because it violates Plaintiff's fundamental right to intrastate travel.

98. For Plaintiff to enjoy the full benefits of Mich.Comp.Laws §168.512, Plaintiff would have to move to the city of Detroit from his current residence where he has resided for over 20 years to qualify as an "elector" of the city of Detroit, which Plaintiff is **NOT** prepared to do at this time.

99. The Government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests… For if the government could deny a benefit to a person because of his constitutionally protected [rights], his

exercise of those freedoms would in effect be penalized and inhibited." *Perry v Sindermann*, 408 U.S. 593, 597 (1972).

100.     "The touchstone of due process is protection of the individual against arbitrary action of government, [including] the exercise of power without any reasonable justification in the service of a legitimate government objective." *Cty. of Sacramento v. Lewis,* 523 U.S. 833, 845-46 (1998).

101.     Here, Defendants cannot provide any reasonable justification for Mich.Comp.Laws §168.512's prohibition against Plaintiff and other nonresidents of the city of Detroit from filing a sworn complaint with the Defendant City Clerk challenging the legitimacy of a registered elector's voter registration and residency.

102.     But for the unconstitutional provision of Mich.Comp.Laws §168.512, Plaintiff is ready, willing and able to **IMMEDIATELY** file a sworn complaint with the Defendant City Clerk under Mich.Comp.Laws §168.512 challenging the legitimacy of Mr. Kinloch's voter registration and residency in the city of Detroit.

103.     Accordingly, Plaintiff seeks prospective injunctive relief against the Defendant City Clerk from enforcing the provisions of Mich.Comp.Laws §168.512 that prohibit Plaintiff and other nonresidents of the city of Detroit from filing a sworn complaint with the Defendant City Clerk challenging the legitimacy of a registered elector's voter registration and residency.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendant Janice Winfrey, in both her official and individual capacities as the duly elected City Clerk for the City of Detroit, as follows:

a.  Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Plaintiff's civil and constitutional rights were violated as a direct result of the City of Detroit's official policy, custom, and/or practice that mandates and requires the Defendant Janice Winfrey, in her official capacity as the duly elected City Clerk for the city of Detroit, to fully enforce and comply with all of the provisions of Michigan Election Law, including the provisions of Mich.Comp.Laws §168.512.

b.  Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Janice Winfrey, in her official and individual capacities as the duly elected City Clerk for the city of Detroit, violated Plaintiff's fundamental constitutional right to intrastate travel by enforcing the provisions of Mich.Comp.Laws §168.512, which prohibits Plaintiff, as nonresident of the city of Detroit, from filing a sworn complaint with the Defendant Janice Winfrey under Mich.Comp.Laws §168.512 challenging the legitimacy of Solomon Kinloch Jr.'s voter registration and residency.

c.  Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Mich.Comp.Laws §168.512's provision limiting the right to file a sworn complaint with the Defendant Janice Winfrey challenging the legitimacy of a registered elector's voter registration and residency only to electors of the city of Detroit, as-applied to the Plaintiff, is unconstitutional because it violates Plaintiff's fundamental constitutional right to intrastate travel.

d.  Issue a preliminary and permanent injunction enjoining the Defendants Janice Winfrey and Detroit Election Commission from enforcing Mich.Comp.Laws §168.512's provision limiting the right to file a sworn complaint with the Defendant Janice Winfrey challenging

the legitimacy of a registered elector's voter registration and residency only to electors of the city of Detroit.

e.  Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $250,000 against the Defendant Janice Winfrey, in both her official and individual capacities, for violating Plaintiff's fundamental constitutional right to intrastate travel.

f.  Award Plaintiff costs and attorney's fees pursuant to 42 U.S.C. §1988.

g.  Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

## COUNT III
### State-Law Claim- Supplemental Jurisdiction
### Declaratory Judgment Declaring Defendant City Clerk Violated Mich.Comp.Laws §168.509aa of Michigan Election Law By Failing To Send Solomon Kinloch, Jr. The Required Notices To Verify His Moves To and Within The City of Detroit.

104.  Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

105.  This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

106.  Pursuant to Mich.Ct.R. 2.605, Plaintiff seeks the issuance of a declaratory judgment against the named Defendants.

107.  An actual controversy exists between Plaintiff and the named Defendants.

108.  As noted, according to public records Plaintiff obtained under Michigan's Freedom of Information Act (FOIA) from the Oakland Township Clerk, Detroit City Clerk, and Michigan Secretary of State, on March 21,

2024, Solomon Kinloch Jr. ("Mr. Kinloch") changed the address on his driver's license and his address for voting registration purposes from his Oakland Township residence, located at 5629 Mystic Lane, Rochester, MI 48306, to an address located at 305 Michigan Ave., Apt. #907, Detroit, MI 48226.  (**See Mr. Kinloch's Voter Registration Records attached**).

109.     However, according to a recent media report published by Pulitzer Prize winning journalist, Charlie LeDuff, the address located at 305 Michigan Ave., Apt. #907, **is a property that operates as a hotel that rents rooms on a daily, weekly, or monthly basis**.

See https://x.com/mich_enjoyer/status/1940484860545847775

110.     Then, on June 10, 2024, according to public records Plaintiff obtained under the FOIA, Mr. Kinloch moved again within the city of Detroit to an address located at 330 Gratiot Ave., Apt. 1501, Detroit, MI 48226, which is a condo owned and occupied by his brother, Wayne County Commissioner Jonathan Kinloch ("Commissioner Kinloch"). (**See Pastor Kinloch's Voter Registration Records attached**).

111.     This fact was recently confirmed by Mr. Kinloch through a campaign spokesperson.  In a July 10, 2025 article published in The Detroit News, Pastor Kinloch's campaign committee acknowledged that "Yes, Pastor Kinloch did briefly stay with his brother[.]"  See https://www.detroitnews.com/story/news/politics/2025/07/09/r

esidency-issues-emerge-detroit-mayoral-primary-kinloch-sheffield-jenkins-

perkins/84334434007/

112.     Then, on February 2, 2025, according to public records Plaintiff

obtained under the FOIA, Mr. Kinloch moved to a unit next door to his

brother, Commissioner Kinloch, and again, changed his voter registration to

an address located at 320 Gratiot Ave., Apt. 1201, Detroit, MI 48226.  (**See**

**Pastor Kinloch's Voter Registration Records attached**).

113.     Pursuant to Mich.Comp.Laws §168.509aa of Michigan Election Law,

the Defendant City Clerk was required to send Mr. Kinloch notices to confirm

and verify each address change Mr. Kinloch made within the city of Detroit

with respect to his voter registration.

114.     Mich.Comp.Laws §168.509aa(2) of Michigan Election Law provides:

> (2) **On receipt of reliable information that a registered elector has moved the elector's residence within the city** or township, **the clerk *shall send* by forwardable mail all of the following to the elector:**
>
>     (a) **A notice that the clerk has received information indicating that the elector has moved the elector's residence within the city or township**.
>
>     (b) **A postage prepaid and preaddressed return card on which the elector may verify or correct the address information**.
>
>     (c) **A notice explaining that, if the address information is correct and the elector has moved the elector's residence within the city or township, the elector should complete and return the card to the clerk with a postmark of 30 days or more before the date of the next election. If the elector has moved the elector's residence within the city or township and does not complete and return the card to the clerk with a postmark of 30 days or**

**more before the date of the next election, the elector will be required to vote in the elector's former precinct of residence in the city or township.** The elector will also be required to submit an address correction before being permitted to vote. [emphasis supplied.]

115.    The voter registration records the Secretary of State, Oakland Township Clerk, and the Defendant City Clerk provided Plaintiff and others in response to FOIA requests clearly indicate that in March 2024, the Defendant City Clerk received reliable information from both the Secretary of State and Oakland Township Clerk that Mr. Kinloch had moved and changed his address for voter registration purposes from Oakland Township to the address located at 305 Michigan Ave., Apt. #907, Detroit, MI 48226.

116.    However, Defendant City Clerk failed to send Mr. Kinloch the required notice under Mich.Comp.Laws §168.509aa(2) for Mr. Kinloch to verify his change of address for voting purposes.

117.    On July 10, 2025, Plaintiff sent Defendants City Clerk, City of Detroit and Detroit Department of Elections a request under Michigan's FOIA requesting copies of the following public documents:

> 1.  Copies of any and all notices, letters, and/or written communications the Detroit City Clerk's Office and/or Detroit Department of Elections sent to Solomon Kinloch (date of birth is 7/28/1973), pursuant to MCL 168.509aa of Michigan Election Law from March 1, 2024 to the present that mention, relate, and/or concern Solomon Kinloch's purported moves within the city of Detroit and to verify his changes of addresses for voting registration purposes.
>
> **(See Plaintiff's July 10, 2025 FOIA Request to Defendant City Clerk attached).**

118.     On August 6, 2025, the Defendant City of Detroit provided an untimely response to Plaintiff's July 10, 2025 FOIA request and provided redacted documents that did **NOT** include any copies of any notices that the Defendant City Clerk was required to send Mr. Kinloch under Mich.Comp.Laws §168.509aa. (**See Defendant City of Detroit's August 6, 2025 Response to Plaintiff's July 10, 2025 FOIA Request and redacted documents produced attached**).

119.     The redacted documents the Defendant City of Detroit produced in response to Plaintiff's July 10, 2025 is sufficient evidence that proves the Defendant City Clerk failed to strictly comply with the mandate of Mich.Comp.Laws §168.509aa, which required the Defendant City Clerk to send a notice to Mr. Kinloch to verify his change of address for voter registration purposes.

120.     Defendant City Clerk also **failed** to strictly comply with the mandate of Mich.Comp.Laws §168.509aa when  Mr. Kinloch moved and changed his address for voting registration purposes from his address at 305 Michigan Ave., Apt. #907, Detroit, MI 48226, to a new address located at 330 Gratiot Ave., Apt. 1501, Detroit, MI 48226, which is a condo owned and occupied by his brother, Wayne County Commissioner Jonathan Kinloch ("Commissioner Kinloch").

121.     Defendant City Clerk also **failed** to strictly comply with the mandate of Mich.Comp.Laws §168.509aa when  Mr. Kinloch moved and changed his

address for voting registration purposes from his address at 330 Gratiot Ave.,

Apt. 1501, Detroit, MI 48226, which is a condo owned and occupied by his

brother, Wayne County Commissioner Jonathan Kinloch ("Commissioner

Kinloch"), to his current address located at 320 Gratiot Ave., Apt. 1201,

Detroit, MI 48226.

122.    The entry of a declaratory judgment under Mich.Ct.R. 2.605 is

necessary due to the Defendant City Clerk's blatant and deliberate violations

of Mich.Comp.Laws §168.509aa of Michigan Election Law.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this

Honorable Court enters judgment and grants the following relief against the

Defendant Janice Winfrey, in both her official and individual capacities as the duly

elected City Clerk for the City of Detroit, as follows:

a. Issue a declaratory judgment pursuant to Mich.Ct.R. 2.605 declaring that Defendant Janice Winfrey violated Mich.Comp.Laws 168.509aa by failing to send Solomon Kinloch, Jr. the required notices to confirm his changes of address for voting purposes when he moved into and within the city of Detroit in the years 2024 and 2025.

b. Award Plaintiff court costs in accordance with the Michigan Court Rules (MCR) and other applicable state and federal laws.

c. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

**COUNT IV**
**State-Law Claim- Supplemental Jurisdiction**
**Declaratory Judgment Declaring Defendants City Clerk and Detroit**
**Election Commission Have Clear Legal Duties Under Mich.Comp.Laws**
**§168.558 Not To Certify Solomon Kinloch, Jr. To Appear On The November**
**4, 2025 General Election Ballot As A Candidate For Mayor of Detroit**
**Because Solomon Kinloch Jr. Failed To Satisfy The One (1) Year Residency**
**and Qualified and Registered Voter Requirements As Set Forth In The**
**Detroit City Charter.**

123.     Plaintiff incorporates, repeats, and realleges the foregoing allegations

as though they were fully set forth and stated herein.

124.     This Court has supplemental jurisdiction over Plaintiff's state-law

claims pursuant to 28 U.S.C. § 1367.

125.     Pursuant to Mich.Ct.R. 2.605, Plaintiff seeks the issuance of a

declaratory judgment against the named Defendants.

126.     An actual controversy exists between Plaintiff and the named

Defendants.

127.     Pursuant to Mich.Comp.Laws §§ 168.321 and 168.558 of Michigan

Election Law, on April 21, 2025, Mr. Kinloch filed his affidavit of identity and

nominating petitions with the Defendant City Clerk to qualify as a candidate

for the office of Mayor of the city of Detroit. (**See Mr. Kinloch's affidavit of**

**identity attached**).

128.     Section 2-101 of the 2012 Detroit City Charter, as amended, sets forth

the qualifications a person must have to qualify as a candidate for any

elective office for the city of Detroit.

129.     Section 2-101 of the 2012 Detroit City Charter, as amended, provides,

in relevant part:

> *A person seeking elective office* must be a citizen of the United States, *a resident and a qualified and registered voter of the City of Detroit for one (1) year at the time of filing for office*, and retain that status throughout their tenure in any such elective office. In addition, any person seeking office from a non at  large district must be a resident and qualified, registered voter in such district for one (1) year at the time of filing for office, and retain such status throughout their tenure. [emphasis supplied]

130.     Section 3-111(1) of the 2012 Detroit City Charter, as amended, further

provides:

> *All candidates for elective office* and elected officials *shall be bona fide residents of the City of Detroit and must maintain their principal residence in the City of Detroit for one (1) year at the time of filing for office* or appointment to office, and throughout their tenure in office. [emphasis supplied.]

131.     Therefore, for Mr. Kinloch to have been eligible to qualify as a

candidate for the office of Mayor when he filed his affidavit of identity and

nominating petitions on April 21, 2025 with the Defendant City Clerk,

pursuant to Section 2-101 and Section 3-111(1) of the 2012 Detroit City

Charter, as amended, Mr. Kinloch was required to have been a "*qualified and*

*registered* elector" and "*bona fide resident*" of the city of Detroit "for one (1) at

the time of filing for office."

132.     Based upon Mr. Kinloch's "suspicious" moves and changes of addresses

within the city of Detroit, Plaintiff believes Mr. Kinloch fraudulently

registered to vote at multiple Detroit addresses to meet the one (1) year

residency and qualified and register voter requirements as set forth in

Sections 2-101 and 3-111(1) of the 2012 Detroit City Charter.

133.     Plaintiff believes Mr. Kinloch was not a legal "resident" of the city of
Detroit to register to vote at 305 Michigan Ave., Apt. #907, Detroit, MI 48226.

134.     Additionally, Plaintiff believes Mr. Kinloch was not a legal "resident"
of the city of Detroit  to register to vote at 330 Gratiot Ave., Apt. 1501,
Detroit, MI 48226, which is a condo owned and occupied by his brother,
Wayne County Commissioner Jonathan Kinloch ("Commissioner Kinloch").

135.     Mich.Comp.Laws 168.321(1) of Michigan Election Law provides that
"the qualifications, nomination, election, appointment, term of office, and
removal from office of a city officer must be in accordance with the charter
provisions governing the city." (emphasis supplied.)

136.     Section 3-109 of the 2012 Detroit City Charter, as amended, requires a
candidate for elective office in the city of Detroit to file non-partisan
nominating petitions with the Defendant City Clerk by the filing deadline set
forth by state election law.

137.     Mich.Comp.Laws §168.558 of Michigan Election Law governs the filing
of an affidavit of identity by a candidate for local city elective office.

138.     Mich.Comp.Laws §168.558(1) of Michigan Election Law provides, in
relevant part:

> (1) **When filing a nominating petition**, qualifying petition, filing
> fee, or affidavit of candidacy **for a** federal, county, state, **city**,
> township, village, metropolitan district, or school district *office in any*
> *election*, **a candidate shall file with the officer with whom the**
> **petitions**, fee, or affidavit is filed **2 copies of an affidavit of**
> **identity**. …. [emphasis supplied.]

139.     Mich.Comp.Laws §168.558(2) further provides, in relevant part:

> (2) **An affidavit of identity *must* contain** the candidate's name and residential address; a statement that the candidate is a citizen of the United States; the title of the office sought including the jurisdiction, district, circuit, or ward; the candidate's political party or a statement indicating no party affiliation if the candidate is running without political party affiliation; the term of office; the date of the election in which the candidate wishes to appear on the ballot; ***a statement that the candidate meets the constitutional and statutory qualifications for the office sought;*** other information that may be required to satisfy the officer as to the identity of the candidate; and the manner in which the candidate wishes to have his or her name appear on the ballot. … [emphasis supplied.]

140.     Mich.Comp.Laws 168.558(4) provides the penalty for a candidate who submits an affidavit of identity that contains a false statement.

Mich.Comp.Laws 168.558(4) provides, in pertinent part:

> **An officer shall not certify to the board of election commissioners** the name of a candidate who fails to comply with this section, **or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section**. [emphasis supplied.]

141.     Here, Mr. Kinloch filed an affidavit of identity that contained a false statement with the Defendant City Clerk because Mr. Kinloch did not satisfy the one (1) year residency and qualified and registered voter requirements as set forth in Sections 2-101 and 3-111(1) of the 2012 Detroit City Charter, as amended.

142.     Accordingly, because Mr. Kinloch's affidavit of identity contains a false statement, the Defendant City Clerk has a statutory legal duty under

Mich.Comp.Laws §168.558(4) of Michigan Election Law not to certify Mr. Kinloch's name to the Defendant Detroit Election Commission to appear on the November 4, 2025 general election ballot as a candidate for Mayor of Detroit.

143.     Although Mr. Kinloch came in a distant second place in the August 5, 2025 primary election to advance to the November 4, 2025 general election, the strict compliance with requirements set forth under Mich.Comp.Laws §168.558 apply equally to **ALL** elections, including general elections. *See Moore v Genesee County*, 337 Mich.App. 723, ___; 976 NW2d 921, 925 (2021) (internal citations omitted).

144.     It is undisputed that Defendants have the statutory duty to submit the names of the eligible candidates for the November 2025 general election. See Mich.Comp.Laws §168.323 and Mich.Comp.Laws §168.719.

145.     Entry of a declaratory judgment under Mich.Ct.R. 2.605  is necessary because Defendants are prepared to certify the name of an otherwise ineligible candidate to appear on the November 4, 2025 general election ballot despite the candidate not possessing the requirement qualifications as set forth under Sections 2-101 and 3.111(1) of the 2012 Detroit City Charter, as amended.

146.     Plaintiff was unable to file a similar challenge to Mr. Kinloch's candidacy and affidavit of identity prior to the printing of the ballots for the August 5, 2025 primary election because Defendants and other governmental

entities had not provided Plaintiff with all of the relevant documentary evidence pertaining to Mr. Kinloch's residences.

147.      This challenge is being brought well-in-advance of the ballots being printed for the November 4, 2025 general election and per the Michigan Court of Appeals' holding in *Moore v Genesee County*, 337 Mich.App. 723, ___; 976 NW2d 921, 925 (2021), the statutory requirements of Mich.Comp.Laws §168.558 **MUST** be strictly complied with by a candidate for **ALL** elections, including general elections.

148.      Further, the Defendant Detroit Election Commission has a statutory legal duty under Mich.Comp. Laws §168.567 of Michigan Election Law to correct any errors that are found in election ballots for any election, including general elections.

149.      Mich.Comp.Laws §168.567 provides:

> **The boards of election commissioners *shall* correct such errors as may be found in said ballots,** and a copy of such corrected ballots shall be sent to the secretary of state by the county clerk. [emphasis supplied.]

150.      Accordingly, if this Honorable Court determines and declares that Mr. Kinloch did not satisfy the city of Detroit's one (1) year residency and qualified and registered voter requirements, under Mich.Comp.Laws §168.567, the Defendant Detroit Election Commission would be required to "correct" an error in the November 4, 2025 general election ballots by not printing Mr. Kinloch's name as a candidate for Mayor, despite Mr. Kinloch coming in a ***distant*** second place in the August 5, 2025 primary election.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendant Janice Winfrey, in both her official and individual capacities as the duly elected City Clerk for the City of Detroit, and Defendant Detroit Election Commission, as follows:

a. Issue a declaratory judgment pursuant to Mich.Ct.R. 2.605 declaring that Defendant Janice Winfrey, in her official capacity as the elected City Clerk, has a statutory legal duty under Mich.Comp.Laws §168.558(4) **not** to certify Solomon Kinloch Jr.'s name to the Defendant Detroit Election Commission to appear on the November 4, 2025 general election ballot as a candidate for Mayor of Detroit because Solomon Kinloch Jr.'s affidavit of identity contains a false statement with respect to him meeting the statutory qualifications set forth under Sections 2.101 and 3.111(1) of the 2012 Detroit City Charter to qualify as a candidate for Mayor of Detroit.

b. Issue a declaratory judgment pursuant to Mich.Ct.R. 2.605 declaring that Defendant Detroit Election Commission has a statutory legal duty under Mich.Comp.Laws §168.558(4) **not** to print Solomon Kinloch's name on the November 4, 2025 general election ballot as a candidate for Mayor of the city of Detroit; and further declare that the Defendant Detroit Election Commission has a statutory legal duty under Mich.Comp. Laws §168.567 to correct any errors that may be present on the November 4, 2025 general election ballot, including not printing the name of an otherwise ineligible candidate who failed to satisfy the city of Detroit's one (1) year residency and qualified and registered voter requirements set forth under the 2012 Detroit City Charter, as amended, on the November 4, 2025 general election ballot.

c. Award Plaintiff court costs in accordance with the Michigan Court Rules (MCR) and other applicable state and federal laws.

d. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

## COUNT V
### State-Law Claim- Supplemental Jurisdiction
### Writ of Mandamus Compelling Defendants City Clerk and Detroit Election Commission To Remove Solomon Kinloch, Jr.'s Name From Appearing On The November 4, 2025 General Election Ballot As A Candidate For Mayor of Detroit.

151.     Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

152.     This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

153.     Pursuant to Mich.Ct.R. 3.305, Plaintiff seeks the issuance of a writ of mandamus against the named Defendants City Clerk and Detroit Election Commission.

154.     An actual controversy exists between Plaintiff and the named Defendants.

155.     If this Honorable Court grants Plaintiff any declaratory relief as prayed for in Count IV, the issuance of a writ of mandamus would be most appropriate compelling the Defendants City Clerk and Election Commission to remove Solomon Kinloch Jr.'s name from appearing on the November 4, 2025 general election ballot as a candidate for Mayor of Detroit.

156.     The purpose of a writ of mandamus is to compel action by a public official. *Attorney General v Bd of State Canvassers*, 318 Mich App 242, 248; 896 NW2d 485 (2016).

157.     More importantly, "[a] writ of mandamus is the appropriate remedy for

a party seeking to compel action by election officials." *Davis v Secretary of*

*State,* 346 Mich App 445, 461; 12 NW3d 653 (2023).

158.     The Michigan Court of Appeals "has held that where the duty of the

public official is certain, the Court cannot in its discretion deny the writ."

*Romulus City Treasurer v Wayne Co Drain Comm'r,* 413 Mich 728, 744; 322

NW2d 152 (1982).

159.     Under Michigan law, "[t]o obtain the extraordinary remedy of a writ of

mandamus, the plaintiff must show that (1) the plaintiff has a clear, legal

right to performance of the specific duty sought, (2) the defendant has a clear

legal duty to perform, (3) the act is ministerial, and (4) no other adequate

legal or equitable remedy exists that might achieve the same result." *Berry v*

*Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016). (quotation marks and

citations omitted).

160.     "In relation to a request for mandamus, a clear, legal right is one

clearly founded in, or granted by, law; a right which is inferable as a matter

of law from uncontroverted facts regardless of the difficulty of the legal

question to be decided." *Christenson v Secretary of State*, 336 Mich App 411,

419; 970 NW2d 417 (2021), quoting *Rental Props Owners Ass'n of Kent Co v*

*Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 (2014).

161.     "A ministerial act is one in which the law prescribes and defines the

duty to be performed with such precision and certainty as to leave nothing to

the exercise of discretion or judgment." *Berry*, 316 Mich App at 42 (quotation marks and citation omitted).

162.    As a resident and registered voter of Wayne County, Plaintiff has a clear legal right to the performance of the duty sought to be compelled. *League of Women Voters,* 506 Mich. at 587, 957 N.W.2d 731; see also *Deleeuw v. Bd. of State Canvassers,* 263 Mich. App. 497, 505-506, 688 N.W.2d 847 (2004); *Helmkamp v. Livonia City Council,* 160 Mich. App. 442, 445, 408 N.W.2d 470 (1987) ("[I]n the absence of a statute to the contrary, ... a private person ... may enforce by mandamus a public right or duty relating to elections without showing a special interest distinct from the interest of the public." [Quotation marks omitted.]).

163.    It is undisputed that Defendants have the statutory duty to submit the names of the eligible candidates for the primary election. See MCL 168.323 and MCL 168.719. See *Barrow v. Detroit Election Comm.,* 301 Mich. App. 404, 412, 836 N.W.2d 498 (2013) (*Barrow I*).

164.    It is well-settled in Michigan jurisprudence that the removal of candidates' names from the ballot is a ministerial duty. See *Barrow v. Detroit Election Comm.,* 301 Mich. App. 404, 412, 836 N.W.2d 498 (2013) (*Barrow I*) ("The inclusion or exclusion of a name on a ballot is ministerial in nature.").

165.    Aside from the instant action, Plaintiff has no other adequate legal remedy, particularly given that the ballot printing deadline is imminent for the November 4, 2025 general election. *Id.*

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this

Honorable Court enters judgment and grants the following relief against the

Defendants Janice Winfrey and Detroit Election Commission, as follows:

a. Enter a writ of mandamus compelling the Defendants Janice Winfrey and Detroit Election Commission to remove Solomon Kinloch's name from appearing on the November 4, 2025 general election ballot as a candidate for Mayor of the city of Detroit.

b. Award Plaintiff his court costs.

c. An order awarding whatever other equitable relief appears appropriate to the Court at the time of final judgment.

Dated:         August 12, 2025               Respectfully submitted,
                                             /s/ROBERT DAVIS
                                             **ROBERT DAVIS, *Pro se***
                                             Plaintiff
                                             180 Eason
                                             Highland Park, MI 48203
                                             (313) 523-7118
                                             Davisrobert854@gmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**                                      Case No. 25-cv-
                    Plaintiff,                         Hon.

**v**

**JANICE WINFREY**, in her official and individual capacities
as the duly elected City Clerk for the City of Detroit,
and
**DETROIT ELECTION COMMISSION**,
                    Defendants.
_____/

| | |
|---|---|
| **ROBERT DAVIS,** *Pro se* | **BEN PATTERSON (P85118)** |
| Plaintiff | CITY OF DETROIT LAW DEPT. |
| 180 Eason | Attorneys for Defendants |
| Highland Park, MI 48203 | 2 Woodward Ave., Suite 500 |
| (313) 523-7118 | Detroit, MI 48226 |
| Davisrobert854@gmail.com | (313) 237-5082 |
| | Ben.Patterson@detroitmi.gov |

_____/

**<u>DEMAND FOR JURY TRIAL</u>**

**NOW COMES**, Plaintiff, ROBERT DAVIS ("Plaintiff" or "Plaintiff Davis"), in

his own proper person and complaint, and pursuant to Fed.R.Civ.P. 38, hereby

demands a jury trial on all the issues so triable by a jury as pled in Plaintiff's

complaint.

Dated:       August 12, 2025          Respectfully submitted,
                                      /s/ROBERT DAVIS
                                      **ROBERT DAVIS,** *Pro Se*
                                      Plaintiff
                                      180 Eason
                                      Highland Park, MI 48203
                                      (313) 523-7118
                                      Davisrobert854@gmail.com