UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

    Plaintiff,

v.

JANICE WINFREY and DETROIT
ELECTION COMMISSION,

    Defendants.
_____/

Case No. 4:25-cv-12507
District Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 9) AND TO DENY PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING (ECF NO. 13) AND TO *SUA SPONTE* DISMISS THE CASE FOR LACK OF STANDING AND TO DENY DEFENDANTS' MOTION TO DISMISS (ECF NO. 19) AS MOOT**

I.    Introduction

This is an election law case. Plaintiff Robert Davis, proceeding *pro se*, is suing the above captioned defendants asserting claims under 42 U.S.C. § 1983[1] and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, alleging that M.C.L.

---

[1] Davis also cites 28 U.S.C. §§ 1331 (federal question jurisdiction), 1337 (amount in controversy jurisdictional requirement), 1343 (civil right and election franchise), and 1367 (supplemental jurisdiction over state law claims) as a basis for this lawsuit.

1

§168.512, the Michigan law limiting complaints challenging the legitimacy of a candidate's voter registration and residency to "electors of the municipality," is unconstitutional as applied to Davis. (ECF No. 1). Davis specifically seeks to challenge the mayoral bid of Solomon Kinloch Jr., asserting that he has not met the residency requirements to be on the ballot for Mayor of the City of Detroit. (*Id.*). According to Davis, Kinloch's affidavit of identity filed pursuant to M.C.L. § 168.558, which states that Kinloch "meets the constitutional and statutory qualifications for the office sought," is false. (*Id.*). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 6).

Before the Court is Davis's emergency motion for preliminary injunction, requesting that the Court enjoin enforcement of M.C.L. §168.512 so that he may challenge Kinloch's bid before the September 19, 2025 deadline for the printing of absentee ballots for the November 4, 2025 general election. (ECF No. 9). The motion is fully briefed. (ECF Nos. 17, 18). Davis has also filed an emergency motion for evidentiary hearing with respect to his state-law claims. (ECF No. 13). This motion has not yet been fully briefed, but is so closely tied to Davis's other motion that it may be adjudicated at this time. Additionally, on August 25, 2025, defendants filed a motion to dismiss on the basis of standing and the merits of Davis's claims. (ECF No. 19).

2

For the reasons set forth below, the undersigned RECOMMENDS that Davis's motions be DENIED and that the case be DISMISSED *SUA SPONTE* for lack of standing and merit. If this recommendation is adopted, the undersigned further recommends that defendants' motion to dismiss be DENIED AS MOOT.

## II.    Background

Davis filed his complaint against City of Detroit Clerk Janice Winfrey and the Detroit Election Commission on August 12, 2025. (ECF No. 1). He alleges under § 1983 that his right to petition the government (Count I) and the fundamental substantive due process right to intrastate travel (Count II) have been abridged by Michigan's requirement (M.C.L. § 168.512) that one be an "elector" in order to challenge the legitimacy of another elector's candidacy for office. He also seeks relief under state law in the form of declaratory judgment that Winfrey failed to send required notices to Kinloch under M.C.L. § 168.509aa (Count III); that defendants may not certify Kinloch as a candidate for mayor of Detroit (Count IV); and for a writ of mandamus compelling defendants to remove Kinloch from the ballot (Count V).

Davis filed an emergency motion for preliminary injunction on Counts I and II on August 13, 2025, seeking to keep Kinloch's name off of the ballot. (ECF No. 9). The undersigned entered an expedited briefing schedule on the motion, requiring a response by August 20, 2025 and a reply by August 22, 2025. (ECF

No. 10). On August 15, 2025, Davis filed an emergency motion for evidentiary hearing on Counts IV and V. That motion has not yet been fully briefed, but will be considered below for the reasons explained herein. Defendants filed a motion to dismiss on August 25, 2025, which the undersigned recommends be denied as moot if the recommendation to dismiss Davis's claims *sua sponte* is adopted.

### III.   Standing

#### A.   Legal Standard

Article III standing arises from the U.S. Constitution's "case or controversy" requirement. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To establish standing, a plaintiff must establish (1) actual or imminent injury in fact that is concrete and particularized; (2) a causal connection that establishes the plaintiff's injury is fairly traceable to the defendant's alleged conduct; and (3) that a favorable decision by the court is likely to redress the plaintiff's injury. *Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-1 (1992)). The plaintiff must "demonstrate standing separately for each form of relief sought" and "for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (quoting *Friends of Earth, Inc. v. Laidlaw Env't. Servs., Inc.*, 528 U.S. 167, 185 (2000)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* May 24, 2016.

4

B. Discussion

As Defendants correctly note, Davis has a long and storied history of filing election-related lawsuits in Michigan state and federal courts. In many of these cases, Davis has been found to lack standing. *See, e.g., Davis v. Detroit Pub. Sch. Cmty. Dist.*, 899 F.3d 437, 444 (6th Cir. 2018); *Davis v. Wayne Cnty. Elections Comm'n*, 204 F. Supp. 3d 950, 955 (E.D. Mich. 2016) ("Davis does not have standing to assert these claims. He has suffered no actual or imminent injury."); *Davis v. Benson*, No. 20-CV-981, 2020 WL 6605983, at *1-2 (W.D. Mich. Oct. 30, 2020) ("the Court has concerns about Plaintiff's standing for this claim seeking declaratory relief against Winfrey and the Detroit Department of Elections. Plaintiff resides in and is a registered voter in the City of Highland Park.").

In *Davis v. Detroit Public Schools Community District*, Davis and another plaintiff sought declaratory judgment and mandamus relief against the defendant to require that a question regarding the use of tax revenue be placed on an election ballot. The Sixth Circuit explained that the plaintiffs' Article III standing must be addressed before considering the merits of the complaint. The Court found that

> [t]o the extent Plaintiffs' injury is viewed as the school board's failure to place their tax question on the ballot, it is not sufficiently concrete or particularized to constitute an injury in fact. Specifically, a plaintiff raising only a generally available grievance about government— claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy. This bar on generalized

> grievances as a basis for Article III standing applies in the instant case for a simple reason: Plaintiffs were not affected by school board's decision in any personal and individual way. On the contrary, the school board's failure to place Plaintiffs' tax question on the ballot affects all Detroit voters equally. Davis, moreover, is not even a Detroit voter.

*Davis v. Detroit Pub. Sch. Cmty. Dist.*, 899 F.3d at 444.

The irony that Davis seeks to challenge whether Kinloch meets the residency requirements to run for mayor of the City of Detroit, while Davis himself resides and is registered to vote in Highland Park, *see* ECF No. 1, PageID.2, is not lost on the Court. As a resident of Highland Park, Davis lacks standing to challenge the propriety of the Michigan law as applied to an election in the City of Detroit. He simply does not have a sufficient interest nor will he suffer any injury from the election in the City of Detroit, a point that will be further explained below.

Even in Michigan state courts, where the requirement to meet jurisdictional standing is slightly lower than federal court, "nothing in the relevant caselaw gives *any voter* standing to challenge any election-related laws at any time." *League of Women Voters of Michigan v. Sec'y of State*, 506 Mich. 561, 588 (2020) (emphasis added). Another state court has already informed Davis of this issue. *See Davis v. Benson*, Case No. 25-00083-MZ (Mich. Court of Claims June 16, 2025) (ECF No. 17-1, PageID.188-189) ("There is a significant question as to whether Davis, a resident and registered voter of the city of Highland Park in Wayne County, has

6

standing to challenge nominating petitions submitted in support of a candidate for Detroit's mayoral election.").

Davis would lack standing even if he were a resident and voter of the City of Detroit, because "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Davis v. Detroit Pub. Sch. Cmty. Dist.*, 899 F.3d at 444 (quoting *Lujan*, 504 U.S. at 573-74). His status as a resident and voter of the City of Highland Park renders his standing all the more tenuous. Because Davis cannot show that he has been affected by Michigan's application of M.C.L. §168.512 "in a personal and individual way[,]" he lacks standing to proceed on his claims in federal court.

Overall, Davis lacks standing to pursue any of his asserted claims. If Davis's federal claims (Counts I and II) are dismissed, the Court should decline to exercise pendent jurisdiction over his state law claims (Counts III, IV, and V). There are no "unusual circumstances" present to justify retaining jurisdiction over state law claims, and "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 125-57 (6th Cir. 1996).

However, if jurisdiction is exercised over Counts III, IV, and V, the undersigned would recommend their dismissal for lack of standing for the same reasons outlined above.

## IV.    The Merits

In addition to his federal claims being subject to dismissal for lack of standing, they also fail on the merits.

First, Plaintiff alleges that M.C.L. § 168.512 violates his "First Amendment right to petition the government for redress of grievances." (ECF No. 1, PageID.60, 67). M.C.L. § 168.512 states that "[a]ny *elector* of the municipality may challenge the registration of any registered elector by submitting to the clerk of that municipality a written affidavit that such elector is not qualified to vote." (emphasis added). Davis is not an elector and therefore cannot invoke this statute to challenge Kinloch's mayoral bid. This, however, does not infringe on his right to petition under the First Amendment. As Defendants note, Davis has repeatedly petitioned Michigan government officials on this exact issue. *See* ECF Nos. 17-2, 17-3.

As the Sixth Circuit stated in *Apple v. Glenn*, "[a] citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." 183 F.3d at 479. In *Apple*, the plaintiff "sued Senator John Glenn, Chief Justice William Rehnquist,

and other top government officials, claiming that the defendants violated his First Amendment right to petition the government because they did not answer his many letters or take the action requested in those letters." *Id.* at 478-479.  Similarly here, Davis has made his viewpoints known, but has no constitutional right to require the government to act on his ideas.  As the United States Supreme Court has concluded, "[n]othing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues." *Minn. State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 286 (1984*); see also Morgan v. Bevin*, 298 F. Supp. 3d 1003, 1011 (E.D. Ky. 2018) ("Governor Bevin is under no obligation to listen to Plaintiffs, and Plaintiffs have no Constitutional right to be heard in this precise manner.").  Davis has cited no authority to indicate that he has a constitutional right to challenge Kinloch's placement on general election ballots.  Therefore, the Michigan statute limiting this responsibility to electors is not unconstitutional and does not infringe on Davis's rights.

Davis also contends that M.C.L. § 168.512 violates his due process right to intrastate travel.  This is because Davis is not a City of Detroit resident, and therefore not an *elector* for that municipality, and thus cannot challenge Kinloch's qualifications under M.C.L. § 168.512 to run for mayor.  As Davis notes, the Sixth

9

Circuit has determined that "the right to travel locally through public spaces and roadways enjoys a unique and protected place in our national heritage." *Johnson v City of Cincinnati*, 310 F.3d 484, 498 (6th Cir. 2002). However, the statute in question contains no prohibition on Davis's movement. It only requires that he reside in the City of Detroit as an elector in order to challenge another City of Detroit elector's status. There is no law supporting a constitutional right to challenge electors in places where one does not reside, and the statute in question does not abridge Davis's right to *travel* to the City of Detroit or any other Michigan locale. Therefore, in addition to Davis's standing problem, his claims lack merit.

V. Davis's Motions for Injunctive Relief

A. Motion for Preliminary Injunction

As noted above, Davis seeks a preliminary injunction preventing defendants from including Kinloch as a mayoral candidate in the City of Detroit's upcoming mayoral election. In considering a motion for a preliminary injunction, the Court must weigh the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a preliminary injunction, (3) whether granting the preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunction. *Tumblebus Inc. v. Cranmer*, 399

F.3d 754, 760 (6th Cir. 2005). According to the Sixth Circuit, these "are factors to be balanced, not prerequisites that must be met." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). No one single factor is controlling; however, "a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed." *Mich. State v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion because a preliminary injunction is an extraordinary remedy." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (internal citation omitted). "The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." *Id.* (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441 (1974)).

Davis's motion for preliminary injunction should be denied because he cannot show a strong likelihood of success on the merits. First of all, as discussed above, he lacks standing to proceed on his claims. Secondly, as also discussed above, Davis has not shown that he would be likely to prove that Defendants have violated statutory or constitutional law. Davis's motion for preliminary injunction is based solely on his federal claims that M.C.L. § 168.512 is unconstitutional as applied. Therefore, because these claims lack merit, the motion should be denied.

      B.     Motion for Emergency Hearing on Counts IV and V

11

In his complaint, Davis has made state-law claims seeking entry of a declaratory judgment that Defendants are required by M.C.L. § 168.558 not to certify Kinloch as a mayoral candidate (Count IV); and for a writ of mandamus compelling Defendants to remove Kinloch's name from the ballot (Count V). *See* ECF No. 13, PageID.136. Davis has filed an emergency motion for an evidentiary hearing on these Counts. (ECF No. 13).

If the undersigned's above recommendation is adopted, Counts IV and V would be dismissed either for declining pendent jurisdiction over state law claims or because Davis (as a resident of the City of Highland Park) lacks standing to challenge Kinloch's bid. *See Davis v. Benson*, *supra*; ECF No. 17-1, PageID.188-189. Therefore, if this recommendation is adopted, Davis's emergency motion for evidentiary hearing should be denied.

## V.   *Sua Sponte* Dismissal

Defendants first challenged Davis's motions on standing and other grounds in their response to his motion for preliminary injunction,[2] only later moving to dismiss the complaint for most of the same reasons. However, it is well-

---

[2] Defendants also argue that Davis's case should be barred by the doctrine of laches and that any adverse ruling concerning M.C.L. § 168.512 should be delayed until the Michigan Attorney General's Office has had the opportunity to intervene under Federal Rule of Civil Procedure 5.1(c). Because the undersigned recommends denial of Davis's motions and *sua sponte* dismissal of the case on other grounds, these arguments need not be considered, however well-taken they may be.

12

established that courts may *sua sponte* dismiss claims that "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *See Apple*, 183 F.3d at 479-480 (citing *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974)) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). This principle extends to cases where the plaintiff clearly lacks standing to pursue their claims. *See, e.g.*, *Langfan v. Goodyear Tire & Rubber Co.*, 529 F. App'x 460, 463 (6th Cir. 2013); *Teague v. Mary Jane M. Elliot, P.C.*, No. 14-CV-13637, 2015 WL 400969, at *2 n.1 (E.D. Mich. Jan. 28, 2015); *Harken v. Sperling*, No. 1:23-CV-396, 2023 WL 3629699, at *1 (W.D. Mich. May 1, 2023), *report and recommendation adopted*, 2023 WL 3625225 (W.D. Mich. May 24, 2023); *Mott v. Mittel Steel*, No. 4:17 CV 186, 2017 WL 6502829, at *2 (N.D. Ohio Apr. 10, 2017).

Here, as discussed above, Davis lacks standing and cannot succeed on the merits of his federal claims. This also applies to Davis's state-law claims, but in the alternative, the undersigned recommends that the Court decline to exercise pendent jurisdiction over those claims in the absence of "unusual circumstances" warranting consideration of state-law claims after all federal claims have been

13

dismissed. Therefore, the undersigned recommends that Davis's complaint be *sua sponte* dismissed in total, which would render defendants' motion to dismiss moot.

## VI.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Davis's emergency motion for preliminary injunction (ECF No. 9) and emergency motion for evidentiary hearing (ECF No. 13) be DENIED; that the case be DISMISSED *SUA SPONTE* for lack of standing and merit; and that defendants' motion to dismiss (ECF No. 19) be DENIED AS MOOT.

Dated: August 25, 2025                                s/Kimberly G. Altman
Detroit, Michigan                                         KIMBERLY G. ALTMAN
                                                                        United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2025.

s/Dru Jennings
DRU JENNINGS
Case Manager
