UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

|                        |                                        |
|------------------------|----------------------------------------|
| Plaintiff,             | Case No. 25-12507                      |
|                        | Honorable Shalina D. Kumar             |
| v.                     | Magistrate Judge Kimberly G. Altman    |
|                        |                                        |
| JANICE WINFREY et al., |                                        |
| Defendants.            |                                        |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 22), ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 20), AND DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1)**

## I.    Introduction and Background

Plaintiff Robert Davis ("Davis"), proceeding pro se, filed this 42 U.S.C. § 1983 action against defendants Janice Winfrey and the Detroit Election Commission alleging that M.C.L. 168.512, the Michigan law limiting complaints challenging the legitimacy of a candidate's voter registration and residency to "electors of the municipality," is unconstitutional as applied to him. ECF No. 1. Davis, who does not reside in Detroit, seeks to challenge Solomon Kinloch's mayoral bid, alleging Kinloch has not met the residency requirements to be on the ballet for Mayor of the City of Detroit.

Page **1** of **5**

*Id.* This action was referred for all pretrial matters to the assigned magistrate judge. ECF No. 6. Davis filed an emergency motion for preliminary injunction, asking the Court to enjoin defendants' enforcement of M.C.L. 168.512, and an emergency motion for an evidentiary hearing as to his state law claims. ECF Nos. 9, 13. Defendants also filed a motion to dismiss. ECF No. 19

The magistrate judge issued a Report and Recommendation (R&R) recommending that the Court deny Davis's motions and dismiss his case sua sponte for lack of standing and merit, or in the alternative decline to exercise jurisdiction over his state law claims, rendering defendants' motion to dismiss moot. ECF No. 20. Davis timely filed objections to the R&R and defendants filed a response to his objections. ECF Nos. 22, 24.

## II.     Standard of Review

As noted in the R&R, "the parties to this action may object to and seek review of this Report and Recommendation but are required to file any objection within 14 days of service, as provided in the Federal Rule of Civil Procedure 72 (b)(2) and Local Rule 72.1(d)." ECF No. 20, PageID.238. "A failure to file timely objections not only waives the right to de novo review of a Magistrate Judge's Report and Recommendation but

dispenses with the need for the district court to conduct any review." *Jones v. Warden, Ross Corr. Inst.*, 2013 WL 6230365, at *2, (S.D. Ohio Dec. 2, 2023) (citations omitted).

A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court form its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Absent "compelling reason," arguments or issues that were not presented to the magistrate may not be presented in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 939 (6th Cir. 1988)).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

Page **3** of **5**

### III.    Analysis

Davis's objection does not address a single conclusion in the magistrate judge's R&R. Instead, he asserts that the Court "is barred from adopting the R&R because it is now *moot* due to Plaintiff timely filing an amended complaint." ECF No. 22, PageID.268 (emphasis in original). True, Davis's timely filing of his amended complaint (ECF No. 21) in response to defendants' motion to dismiss (ECF No. 19) renders that motion moot. *See* Fed. R. Civ. P. 15(a)(1)(B). But the R&R recommends denying defendants' motion to dismiss as moot because it recommends the sua sponte dismissal of Davis's federal claims based on his lack of standing to raise them. ECF No. 20, PageID.228-32. It also recommends the Court decline to exercise pendant jurisdiction over the remaining state claims. *Id*. at PageID.237-38.  Because the amended complaint does not invalidate the R&R's recommendation for sua sponte dismissal[1] and because Davis otherwise fails to challenge a specific finding or determination within the R&R, the Court overrules the objection.

---

[1] Davis's amended complaint reflects the same lack of standing evident in the original complaint. *See* ECF No. 21.

## IV.     Conclusion.

For these reasons, the Court **OVERRULES** Davis's objection (ECF No. 22), and, having reviewed it for clear error and finding none, **ADOPTS** the R&R (ECF No. 20). The Court sua sponte **DISMISSES** Davis's federal claims and declines to exercise jurisdiction over his state law claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** those claims. Further, the Court **DENIES AS MOOT** defendants' motion to dismiss (ECF No. 19). This case is now closed.

   **IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR

Dated: February 6, 2026                    United States District Judge